IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


DUANE A. WILLIAMS                    )
                                     )
                    Petitioner,      )    **CIVIL ACTION**
                                     )
v.                                   )    No. 07-3036-MLB
                                     )
SAM CLINE, Warden,                   )
                                     )
                    Respondent.      )
_____    )


**MEMORANDUM AND ORDER**

     This matter comes before the Court on petitioner's pro se application for a writ of habeas corpus filed pursuant to 28 U.S.C. section 2254.  (Doc. 1.)  Respondent has answered, but petitioner has failed to file a traverse in response as ordered.  (Doc. 5 at 2.)  Because the time-frame allowed for petitioner to file his traverse has passed, the matter is ripe for decision.  The application is DENIED for reasons set forth herein.

**I.    Facts and Procedure**

     In a federal habeas proceeding, the federal court presumes that the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1)(2006).  Petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  Id.  Here, petitioner does not challenge the facts.  Accordingly, the Court incorporates the Kansas Court of Appeals' version of the facts:

          Duane A. Williams was charged with aggravated
          battery and domestic battery.  Prior to trial,
          Williams requested to have new counsel appointed
          to represent him.  The trial court denied
          Williams' motion.

On June 22, 2004, a jury found Williams guilty of
aggravated battery and domestic battery.
Subsequently, on August 13, 2004, Williams filed a
motion for new trial based on ineffective
assistance of counsel.  The trial court held an
evidentiary hearing and denied Williams' motion.

At sentencing, the trial court determined the
sentencing range for the aggravated battery,
severity level 7, criminal history score A, was
30/32/34 months and a presumption of prison.  The
sentencing range for the domestic battery was up
to 12 months in Sedgwick County jail.  Neither
party objected to the sentencing range pronounced
by the trial court.

The trial court sentenced Williams to 32 months
for aggravated battery and 12 months for the
domestic battery to run consecutively for a total
of 44 months.

State v. Williams, No. 93,850, 2006 WL 1901794, at *1, (Kan. App.
July 7, 2006).

Prior to trial, the trial court granted several of
petitioner's motions *in limine* to prohibit the state from
introducing his past criminal history to the jury.  (R. I, 18.)  At
petitioner's sentencing hearing, the trial court did use
petitioner's criminal history, as outlined in the presentence
investigation report, in determining petitioner's sentence.  The
presentence report showed that petitioner had previously been
convicted of five adult person felonies, four adult nonperson
felonies, one adult person misdemeanor, and four adult nonperson
misdemeanors.  (R. I, 70-71.)  Based on this history, the
presentence investigator assigned petitioner a criminal history
score of "A."  Id. at 68.

Petitioner objected to five of the convictions at sentencing.
(R. III, 5-9.)  The State admitted to not having sufficient proof

-2-

of one of the convictions to which petitioner objected, and the remaining objections were reserved. (R. III, 9.) Petitioner stipulated to the remaining convictions. (R. VIII, 9-10.) Even if the trial court had excluded all five of the convictions to which petitioner objected, petitioner's criminal history still warranted a score of "A." (R. VIII, 10.)

On appeal to the Kansas Court of Appeals, petitioner challenged the trial court's denial of his motion to appoint new counsel, the trial court's denial of his motion for a new trial, and his sentence. The Kansas Court of Appeals affirmed the trial court's decisions on all claims. Williams, 2006 WL 1901794, at *2-5. The Kansas Supreme Court denied review on November 8, 2006.

Having failed at every turn in the state courts, petitioner now turns to the federal courts seeking review solely on the sentencing issue. (Doc. 1 at 4; Doc. 4.) Petitioner claims that the state district court violated his Sixth and Fourteenth Amendment rights, as outlined in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by imposing an enhanced sentence based upon his prior convictions without requiring that those convictions be pled in the complaint and proven to a jury beyond a reasonable doubt. Id.

## II. Discussion

### A. Petitioner's Failure to File a Traverse

Briefly, the Court will first comment on petitioner's failure to file a traverse, as ordered by the Court. (Doc. 5 at 2.) The Rules Governing Section 2254 Cases in the United States District Courts contemplate that there will be a petition and an answer.

-3-

Rules Governing Section 2254 Cases in the United States District
Courts, Rules 2 and 5 (2004), http://www.uscourts.gov/rules/
2254_2255_Rules.pdf.   The petition must include all the facts
supporting each ground for relief.  <u>Id.</u>, Rule 2(c)(2).  The rules
suggest that there will ordinarily be no need for a reply
(historically referred to as a traverse), but that one may be
authorized by the court.  <u>Id.</u>, Rule 5(e) & advisory committee's
note ("Rule 5 (and the general procedure set up by this entire set
of rules) does not contemplate a traverse to the answer, except
under special circumstances.")

       The Court ordered such a traverse from petitioner here.
Respondent properly filed and served his answer on April 30, 2007,
and sent a copy to petitioner at the Lansing Correctional Facility.
(Doc. 9 at 10.)  Petitioner had ten days from his receipt of
respondent's answer to file the traverse.   Though petitioner
failed to file a traverse, petitioner did provide a bare but
sufficient factual basis and argument in his original application
to allow this Court to proceed on the merits.  Additionally, this
Court will rule on petitioner's application without an evidentiary
hearing because the complete state records available before the
Court do not warrant it.

       **B.   Standard of Review**

       This Court's ability to consider collateral attacks on state
criminal proceedings is circumscribed by 28 U.S.C. section 2254, as
amended by the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA).  Under the highly deferential standard set forth in
AEDPA, if petitioner's claim has been decided on the merits in a

state court, a federal habeas court may only grant relief under two circumstances: 1) if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2006).

Petitioner's appeal must raise an issue of federal law previously addressed and decided by the Supreme Court of the United States. A state court decision is "contrary to" federal law either when "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from" that reached by the Court. Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); see also Steven v. Ortiz, 465 F.3d 1229, 1234-35 (10th Cir. 2006) (discussing the Williams, 529 U.S. 362, test).

A state court decision constitutes an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

-5-

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams, 529 U.S. 362).

There are several inherent limitations on a federal court's review of a habeas application. First, a habeas court may only consider alleged violations of federal law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Second, the court will not normally consider federal questions unless they have first been presented to the state courts. Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Jones v. Gibson, 206 F.3d 946, 955 (10th Cir. 2000); but cf. 28 U.S.C. § 2254(b)(2) (2006) (allowing a federal court to deny a habeas application on the merits even if the applicant has not sufficiently exhausted all state court remedies).

A petitioner's failure to raise an issue properly before the state courts results in procedural default on that particular issue. See Jones, 206 F.3d at 955. A federal court will only hear petitioner's argument on a defaulted issue if he can show either cause for and prejudice from his default or that a "fundamental miscarriage of justice" would result from the failure of a federal court to consider the claim. Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997). Cause for procedural default arises from "'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule,'" such as the unavailability of a fact to counsel. Id., (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397

(1984)).  Alternatively, a petitioner may demonstrate a fundamental
miscarriage of justice by "supplement[ing] his habeas claim with a
colorable showing of factual innocense," meaning that petitioner
must show that it is more likely than not that no reasonable juror
would have found petitioner guilty beyond a reasonable doubt had
the facts been presented at trial.  Id.

**C.   Using Criminal History to Enhance Sentencing**

Petitioner specifically claims that the state district court
violated his Sixth and Fourteenth Amendment rights by imposing an
enhanced sentence using his past criminal convictions without
requiring that those convictions be pled in the complaint and
thereafter proven to a jury beyond a reasonable doubt.  He relies
on Apprendi v. New Jersey, a U.S. Supreme Court case that had
clearly established how the Sixth and Fourteenth Amendments applied
to "sentence-enhancing facts" at the time of petitioner's
conviction, to support his claim.  See Apprendi v. New Jersey, 530
U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

In Apprendi, the Supreme Court addressed whether the Due
Process Clause of the Fourteenth Amendment required a jury, under
Sixth Amendment trial procedure, to find all facts that might
increase a defendant's prison sentence beyond the maximum prison
sentence otherwise provided by statute.  Allowing an explicit
exception for criminal history in accordance with Almendarez-Torres
v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350
(1998), the Court held that "[o]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime beyond
the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490 (emphasis added).

The law, as laid out by the Supreme Court, is clear. Recidivism may be used by the court in calculating a defendant's sentence, even if defendant's criminal history makes the sentence imposed longer than the statutory maximum provided. <u>Almendarez-Torres</u>, 523 U.S. at 243. Because criminal history is considered a sentencing factor and not an element of a charged crime, the state "need *not* allege defendant's prior conviction in the indictment." <u>Id.</u> The "procedural safeguards attached to [the] 'fact' of [petitioner's] prior conviction" as well as petitioner's opportunity to "challenge the accuracy of that 'fact'" during sentencing "mitigate[] the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." <u>Apprendi</u>, 530 U.S. at 488. A judge may find a "fact" of prior conviction and use it in sentencing without running afoul of the Fourteenth or Sixth Amendments.

The Court is aware that some Supreme Court justices have since criticized the <u>Almendarez-Torres</u> decision. <u>See Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (Thomas, J., concurring). However, the Supreme Court has not overruled it in any of its later decisions. <u>See</u> <u>U.S. v. Moore</u>, 401 F.3d 1220, 1224 (10th Cir. 2005) (noting that <u>Almendarez-Torres</u> is still good law). As such, this Court is bound to follow current U.S. Supreme Court precedent.

For petitioner's appeal, the Kansas Court of Appeals followed precedent established by the state's high court. <u>Williams</u>, 2006 WL 1901794, at *5.  The appeals court cited <u>State v. Ivory</u>, 273 Kan. 44, 41 P.3d 781 (2002), in support of its holding that the trial court had not violated petitioner's Sixth and Fourteenth Amendment rights. <u>Id.</u>  In <u>Ivory</u>, the Supreme Court of Kansas identified the same U.S. Supreme Court case law and principles discussed above and concluded that prior convictions could be used in sentencing without being submitted to and decided by a jury.  <u>Ivory</u>, 273 Kan. at 46-47.  In relying on the state supreme court's reasonable interpretation and application of federal law, the Kansas Court of Appeals' decision was neither contrary to nor an unreasonable application of the law as established by the Supreme Court of the United States.

Petitioner argues that the motions *in limine* granted before trial to prohibit the introduction of his past criminal history to the jury also prohibited the trial judge from considering his criminal history during sentencing.  (Doc. 1 at 5.)  While petitioner did raise the claim that the trial court used his criminal history to unconstitutionally enhance his sentence on appeal through the state courts, he now bases his claim on different reasons than those expressed to the state courts.  Though his new argument does not significantly alter the substance of his claim, petitioner has procedurally defaulted on this newly-introduced issue.

This Court will only hear petitioner's defaulted claim if he has shown cause for his procedural default or a fundamental

miscarriage of justice.  Petitioner has failed to do either.  At sentencing, petitioner had the opportunity to object to the use of his criminal history and challenge any specific criminal conviction.  He, in fact, took advantage of this opportunity by challenging five of the convictions on his record.  He did not object generally to the use of his conviction history to increase his sentence or to the resulting sentencing range, nor did he direct the trial court's attention to the motions *in limine* at any time.

On appeal, petitioner again had an opportunity to raise any issues regarding the motions *in limine*.  All facts regarding the motions *in limine* were available to petitioner and his counsel from the record.  The brief in support of petitioner's appeal to the Kansas Court of Appeals even briefly discusses the motions *in limine*.  (Brief of Appellant, 4.)  However, petitioner never made the argument in his brief that the motions *in limine* orders applied to the judge as well as the jury.  Petitioner had every opportunity to raise this argument in the state court appellate system; his own choice not to raise the issue earlier is an insufficient cause for this Court to consider review.

Finally, there is no miscarriage of justice in denying to hear petitioner's new argument, because the facts presented by petitioner would not have changed the outcome of his trial or sentencing based on a preponderance-of-the-evidence standard.  The motions *in limine* granted by the trial court excluded the submission into evidence of petitioner's prior convictions only at trial before the jury.  (R. I, 15.)  The purpose for this exclusion

-10-

was to prevent petitioner's criminal history from prejudicing the jury against him on the aggravated and domestic battery charges. (R. I, 15.)  There is no language in the motion suggesting that the trial judge could not or should not use petitioner's conviction record after trial during sentencing.

## III. Conclusion

For the foregoing reasons, petitioner's application for a writ of habeas corpus is DENIED and judgment shall be entered accordingly.

A motion for reconsideration is neither invited nor encouraged.  Any such motion shall not exceed three double-spaced pages and shall strictly comply with the standards enunciated by this Court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (D. Kan. 1992).  No reply shall be filed.  Identical requirements and restrictions shall apply to any application for certificate of appealability or any other submission, however styled, directed to this Memorandum and Order.


IT IS SO ORDERED.

Dated this __26th__ day of July 2007, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE